IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD SATISH EMRIT                                                                                                PLAINTIFF

v.                Civil No. 5:23-cv-05041-TLB-CDC

ATTORNEY KARA PRATT, Hillsboro,
Texas; TEXAS SUPREME COURT;
TEXAS BAR; CHIEF DISCIPLINARY
COUNSEL; and BOARD OF DISCIPLINARY
APPEALS                                                                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Ronald Satish Emrit ("Emrit"), a resident of Sarasota, Florida, filed this action alleging "invasion of privacy through false light as a dignitary tort similar to defamation." (ECF No. 2 at 1). Emrit proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 2) under 28 U.S.C. § 1915(e)(2).

**I.      BACKGROUND**

Sometime in 2018, Emrit alleges he met Sheila Darlene Buckaloo ("Buckaloo") at the Arlington Memorial Hospital in Arlington, Texas. (ECF No. 2 at 4). Emrit wrote Buckaloo a four-page letter of "character evidence." *Id.* He maintains this letter is part of an amended complaint filed, and uploaded to PACER, in litigation against the Federal Bureau of Investigation, pending in Gainesville, Florida. *Id.* at 4. He further claims his letter was "stamped" by the Eleventh Circuit in Atlanta, Georgia. *Id.* at 4.

1

Later, Emrit learned from Buckaloo "on Facebook that attorney Kara Pratt was showing pictures of the plaintiff in a courtroom in Hill County." *Id.* In 2019, Emrit filed a formal complaint in the office of Texas Bar Chief Disciplinary Counsel. *Id.* It is not clear what, if any, connection there is between Emrit's having met Buckaloo and his photograph being shown to others by Attorney Pratt.

Thereafter, Emrit sets forth the following claims: (1) invasion of privacy through false light; (2) defamation; (3) negligence; (4) intentional infliction of emotional distress; (5) violation of the Equal Protection Clause; (6) violation of the Due Process Clause; (7) violation of the Privileges and Immunities Clause; (8) violation of the Americans with Disabilities Act; and (9) violation of Title VII of the Civil Rights Act of 1964. (ECF No. 2 at 4-8). Emrit requests equitable relief in the form of "an injunction requesting that the defendants be required to recognize that he met Sheila Darlene Buckaloo only once at the Arlington Memorial Hospital." *Id.* at 8. He seeks no monetary damages. *Id.*

## II.   APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which

2

relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Emrit first contends this Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332—diversity jurisdiction. (ECF No. 2 at 3). He points out he is a citizen of Florida and all the Defendants are citizens of Texas.

To establish diversity jurisdiction, two requirements must be met: (1) the parties must be citizens of different states; and (2) the amount in controversy must exceed $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a). As Emrit is seeking no monetary damages, clearly the amount in controversy is not met. Therefore, diversity jurisdiction is lacking.

Next, Emrit contends that the Court has federal question jurisdiction and that venue is appropriate in this jurisdiction. (ECF No. 2 at 8). Assuming for the moment, federal question jurisdiction exists, clearly venue is inappropriate. Section 1391(b) governs venue in federal question cases. 28 U.S.C. § 1391(b). Section 1391(b) provides:

A civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

3

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.*

Unquestionably, venue is not appropriate here. No parties reside in Arkansas. All Defendants reside in the Western District of Texas. The events at issue occurred in the Western District of Texas. Generally, when venue is inappropriate, the Court transfers the case to the Court appropriately having jurisdiction over the case. 28 U.S.C. § 1406(a). However, Emrit's litigation history counsels against transfer in this case.

Emrit has a long history of filing numerous cases and has been found to be a vexatious filer. *See e.g., Emrit v. Charles Barkley, et al.,* Civil No. 2:23-cv-00019 (N.D. Ala. Feb. 23, 2023)("Due to the frivolous nature of the claims in Plaintiff's complaint, and his repeated abuse of the judicial process through the filing of identical frivolous, duplicative, bad faith, and vexatious claims in multiple courts, the claims asserted in Plaintiff's complaint are due to be dismissed with prejudice pursuant to § 1915(e)(2)(b) and without leave to amend"); *Emrit v. University of Miami School of Law,* Civil No. 1:23-cv-20847 (S.D. Fla. March 6, 2023)(highlighting Emrit's history of vexatious litigation and dismissing case as frivolous and for failure to state a claim). A search of PACER on March 23, 2023, produces a list of 367 cases filed by Emrit.

Of particular importance to this case, is that Emrit has filed this identical lawsuit in the Northern District of Georgia, Civil No. 2:23-cv-00045 (case dismissed as frivolous and for failure to state a claim March 21, 2023); the Eastern District of Kentucky, Civil No. 5:23-cv-00088 (case dismissed without prejudice due to improper venue on March 20, 2023); the Eastern District of

Louisiana, Civil No. 2:23-cv-00943 (transferring the case to the Western District of Texas on March 20, 2023); the Middle District of Tennessee, Civil No. 3:23-cv-000227 (transferring the case to the Western District of Texas on March 22, 2023); the Eastern District of Texas, Civil No. 4:23-cv-00037 (case still pending); and the Southern District of Texas, Civil No. 4:23-mc-00039 (case dismissed as duplicative of the lawsuit pending in the Eastern District of Texas on February 3, 2023). As a result of the transfers, two cases are now pending in the Western District of Texas, *Emrit v. Pratt, et al.,* Civil No. 6:23-cv-00201 and *Emrit v. Pratt, et al.,* Civil No. 6:23-cv-00207.

The case has no connection with Arkansas other than the fact that Emrit mailed his complaint here. As noted above, Emrit filed multiple duplicate actions in multiple jurisdictions in which venue was clearly improper. Duplicative actions may properly be dismissed as frivolous or malicious under § 1915(e). *Cooper v. Delo,* 997 F.3d 376 (8th Cir. 1993)(approving dismissal of a duplicative complaint as frivolous); *Carter v. Schafer,* 273 Fed. Appx. 581, 582 (8th Cir. 2008)(affirming dismissal of complaint for maliciousness where Plaintiff's past litigation history showed he filed multiple complaints raising the same or similar facts);   Additionally, it is well settled that the Court has the inherent discretion to manage its cases. *Bass v. General Motors Corp.,* 150 F.3d 842, 851 (8th Cir. 1988)(discretion includes ability to impose sanctions on a party). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45 (1991). Finally, this case is barred by *res judicata. Denton v. Hernandez,* 504 U.S. 25 (1992)(section 1915 dismissal has *res judicata* effect for future IFP actions).

## IV. CONCLUSION

For these reasons, it is recommended that this action be **DISMISSED WITH**

**PREJUDICE** as frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 27th day of March 2023.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE